United States District Court
Southern District of Texas
ENTERED
October 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN O. SEGOVIA ALFARO, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-07351 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Jonathan O. Segovia Alfaro's Petition for Writ of Habeas Corpus (Doc. #1); Respondents' Motion to Stay, and in the Alternative, Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #6); and Petitioner's Reply to Respondent's Answer (Doc. #7). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Jonathan O. Segovia Alfaro ("Petitioner"), a citizen of El Salvador, entered the United States without inspection on or about March 1, 2013, at Brownsville, Texas where he presented himself at the border when he was 13 years old. Doc. #1, Ex. 1 at 2; Doc. #6, Ex. 2 at 2; Doc. #6, Ex. 4 at 2. On or about August 18, 2026, Petitioner was detained on an immigration detainer in the Victoria County Jail. Doc. #6, Ex. 2 at 2. Shortly thereafter, Petitioner was transferred into custody of Immigration and Customs Enforcement. *Id.*; Doc. #1, Ex. 1 at 2. The same day, on August 18, 2026, the Department of Homeland Security issued a Notice to Appear charging Petitioner with being "an alien present in the United States who has not been admitted or

paroled" and is therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Doc. #6 at 2–3; Doc. #6, Ex. 1. At this time, he remains detained at the Houston Contract Detention Facility, in Houston, Texas and has not been afforded a bond hearing. Doc. #6, Ex. 2 at 2; Doc. #6 at 3, 8. Furthermore, based on the record before the Court, there is no evidence Petitioner has a material criminal history, is a flight risk, or otherwise poses a danger to the community. Doc. #1, Ex. 1 at 2; Doc. #6, Ex. 2 at 3; *see* Doc. #6.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).[1] Doc. #6 at 7–14. Petitioner contends his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1, Ex. 1 at 15–17. Courts in the Southern District of Texas have found procedural due process violations where noncitizen detainees lack criminal history, are not flight risks, and pose no danger to the community. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's continued detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate

[1] Respondents also argue the Court should stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*. Doc. #6 at 3–6 (citing 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026)). The Fifth Circuit's one-sentence stay order contains no analysis and does not indicate precedential effect beyond the consolidated appeals at issue. Thus, the Court agrees with its sister court in the Southern District of Texas that the stay should not be read as foreclosing due process claims in other cases. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3–4 (S.D. Tex. July 27, 2026).

habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #6. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.
3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.
5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.
6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

OCT 13 2026

Date

The Honorable Alfred H. Bennett
United States District Judge